## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

BNSF RAILWAY COMPANY,

                Plaintiff,

           v.                              Case No. 08-02028-JWL

MS. LISA BROWN,

                and

MR. SHAWN J. BOBBITT, SR.,

                Defendants.
_____

### MEMORANDUM & ORDER

### BACKGROUND

On December 17, 2007, Defendant Lisa Brown was a locomotive engineer and Shawn Bobbitt was a conductor on a train that collided with another train on BNSF Railway Company's ("BNSF") track near Mulvane, Kansas. Ms. Brown filed suit against BNSF in Missouri state court pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51-60. BNSF was served on December 28, 2007, and on January 4, 2008, BNSF filed an application for a change of judge, which was granted. On January 14, 2007, BNSF filed its federal complaint with this court, alleging property damage due to Ms. Brown's negligence. Ms. Brown was served on January 15, 2007. On January 29, 2007, BNSF filed its answer in the state court, which included two counterclaims that are virtually identical to its original federal court

complaint.  (doc. # 1, Plaintiff's original federal court complaint; doc. # 25-5, Plaintiff's state court Answer).

On February 1, 2008, Ms. Brown filed a Motion to Dismiss the federal court case on the basis that the suit filed with this court is a compulsory counterclaim under Missouri Rule of Civil Procedure 55.32.  On February 6, 2007, prior to filing its response to Ms. Brown's Motion to Dismiss, BNSF sought leave to amend its complaint to add Mr. Bobbitt, a Kansas resident, as a defendant. On February 19, 2008, BNSF filed a response in opposition to the motion to dismiss, arguing that BNSF did file a counterclaim in Ms. Brown's state suit, that Missouri state law on compulsory counterclaims is inapplicable, and that BNSF may maintain a separate action because the state court action has not concluded and the issues and parties, particularly Mr. Bobbitt, were fundamentally different. (doc. # 9).  Attached to her reply to BNSF's response, Ms. Brown filed a letter with this court from Mr. Bobbitt's counsel stating that Mr. Bobbitt would submit to jurisdiction in the Missouri state court.

The court held a telephone conference on April 3, 2008, on plaintiff's motion to amend the complaint and defendant's motion to dismiss the case.  The court granted BNSF's motion to amend its first complaint under Federal Rule of Civil Procedure 15(a)(1) because Ms. Brown had not yet filed a responsive pleading.  BNSF filed that first amended complaint on April 8, 2008, setting forth the same claims as in its original complaint but changing "defendant" to "defendants" and adding Mr. Bobbitt's name where applicable.

Also during the telephone conference, the court denied Ms. Brown's motion to dismiss the complaint based on the compulsory counterclaim rule because the court could not definitively conclude that the Missouri court could acquire jurisdiction over Mr. Bobbitt, a

named party.  *See* Mo. R. Civ. P. 55.32(a) (counterclaim is only compulsory if the court can acquire jurisdiction over third parties required for the adjudication).  In denying Ms. Brown's motion to dismiss, however, the court did so without prejudice to her filing a separate motion to dismiss on the basis of the *Colorado River* doctrine.

On April 11, 2008, the Missouri state court issued an Order in the state action denying Ms. Brown's Motion to Dismiss Defendant's Counterclaim that had been filed with that court on March 24, 2008.  Also on April 11, 2008, Ms. Brown filed the motion to dismiss pursuant to the *Colorado River* doctrine (doc. # 25), which is currently before the court.  BNSF filed a response (doc. # 27) and Ms. Brown thereafter filed a reply (doc # 31).  For the reasons stated herein, the court denies the motion.

## DISCUSSION

### I.    *Colorado River* **Doctrine Standard**

"The *Colorado River* Doctrine controls when deciding . . . whether a district court should [ ] stay[ ] or dismiss[ ] a federal suit pending the resolution of a parallel state court proceeding." *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  While *Colorado River*'s judicial economy goals allow a federal court to avoid the "virtually unflagging obligation . . . to exercise the jurisdiction given [it]," *id.* (quoting *Colorado River*, 424 U.S. at 818), the appropriate circumstances for deferral under the *Colorado River* Doctrine are "considerably more limited than the circumstances appropriate for abstention" and must be "exceptional."  *Id.* (quoting *Colorado River*, 424 U.S. at 817-18).  The court's "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice

under *Colorado River* to justify the surrender of the jurisdiction." *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983))

For this court to decline to exercise its jurisdiction because of a pending state action, there must first be a threshold showing that "the state and federal proceedings are parallel." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *New Beckley Mining Corp.*, 946 F.2d at 1073). The court "examine[s] the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." *Id.* (emphasis in orginal). "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

If the cases are not parallel, the court must exercise jurisdiction. On the other hand, "if a federal court determines the state and federal proceedings *are* parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances." *Id.* at 1082. The factors this court must consider are "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." *Id.* Other factors the court may consider include "the vexatious or reactive nature of either the federal or the state action, whether federal law provides the rule of decision, . . . the adequacy of the state court action to protect the federal plaintiff's rights, . . . [and] whether the party opposing abstention has engaged in impermissible forum shopping." *Id.* (internal citations

omitted).  The court is to balance all the factors as they apply to this particular case, and "any doubt should be resolved in favor of exercising jurisdiction."  *Id.*

## II.    The cases are not "parallel."

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Id.*  The Court finds that the parties are litigating substantially the same issues in the Missouri state court action and this federal action.  The record reflects that BNSF's state court counterclaim petition sets forth claims identical to those claims set forth in its initial federal court complaint based on facts identical to those facts asserted in its federal court complaint.  The only difference in BNSF's first amended complaint is the addition of Mr. Bobbitt as a defendant, as BNSF has now asserted identical claims against him and Ms. Brown.

The question, then, is whether or not the parties are substantially the same where Mr. Bobbitt is a defendant in the federal court case but not the state action.  Ms. Brown argues that because the issues litigated will likely preclude BNSF from bringing its action both against Ms. Brown and Mr. Bobbitt, the cases should be considered parallel.  Specifically, Ms. Brown reasons that under Kansas's comparative fault statute,[1] K.S.A. § 60-258a, the fault of nonparties such as Mr. Bobbitt can be litigated in apportioning fault of the parties.  Thus, where the fault

---

[1] Ms. Brown assumes that the Kansas comparative fault statute applies in the Missouri state court action.  *See Wise v. Pottorff*, 987 S.W.2d 407, 410 (W.D. Mo. App. 1999) (holding Kansas comparative fault statute applied where the accident occurred in Kansas and "the only Missouri contact with the accident was the fact that one of the [parties] . . . resided in [Missouri]," distinguishing *Hicks* based on the lack significant contacts with Missouri); *cf. Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439 (W.D. Mo. App. 1986) (even though Kansas law applied to determine the standard of conduct because the accident took place in Kansas, Missouri law applied to determine damages allocation because both Kansas and Missouri had significant contacts with the facts and the choice of law should be made on the basis of which state has a greater interest in having its law applied to the case).

will be apportioned as to Ms. Brown as a party and Mr. Bobbitt as a nonparty, BNSF's action against Ms. Brown and Mr. Bobbitt in this court would be barred by issue or claim preclusion. *See, e.g.*, *In re Chicago Flood Litigation*, 819 F.Supp. 762, 764 (N.D. Ill. 1993) ("The issue, therefore, is not whether there is an identity of parties in both forums, but whether the parties may be bound by the result in the state litigation under principles of collateral estoppel or issue preclusion.").

The court evaluates the state and federal actions as they actually exist, not how BNSF hypothetically could have sought relief.  Even though Mr. Bobbitt might possibly have been added as a third-party defendant in the state case based on his possible willingness to submit to Missouri state court jurisdiction despite his Kansas residency, that is not the basis on which the court must make its decision.  The court also will not evaluate the case pursuant to BNSF's original complaint brought only against Ms. Brown, when BNSF has now filed its first amended complaint against both Ms. Brown and Mr. Bobbitt.  Instead, under Tenth Circuit precedent, the court decides whether these causes of action are parallel based on how these cases actually exist, not how they theoretically could have proceeded. *Maulding*, 16 F.3d at 1081 ("Some courts, in determining whether state and federal proceedings are parallel, seem to consider how the state proceedings could have been brought in theory, . . . and compare the theoretical state proceedings to the federal proceedings.  We, however, believe that the better approach is to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." (citations omitted)); *cf., e.g.*, *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 696 (7th Cir. 1985) ("[T]here is no reason in theory why the [federal defendants] could not be joined as parties in the state case.").

Currently, BNSF has brought a claim for monetary relief based on the property damage resulting from the alleged negligence of Ms. Brown and Mr. Bobbitt.  First, despite Ms. Brown's argument that the Missouri state court case will result in issue or claim preclusion on BNSF's claims against Mr. Brown, it is at this point undetermined, for example, whether in the state court action the parties will even allege that Mr. Bobbitt is a nonparty to whom fault should be attributed.  Furthermore, because Mr. Bobbitt is not a party to the Missouri state action, a decision in that case finding Mr. Bobbitt at fault would not actually impose liability on Mr. Bobbitt and therefore, BNSF would be unable to obtain a judgment on its claims against Mr. Bobbitt even if fault were attributed to him.  *Eurich v. Alkire*, 224 Kan. 236, 1209 (1978) ("[A] person who has not been made a party to a comparative negligence case should not be bound by a judgment therein, even though his causal negligence may have been determined.").  Moreover, if Missouri law applies to allocation of damages, rather than the Kansas comparative fault statute as Ms. Brown assumes, *see supra* note 1 reference to *Hicks*, "fault is only to be apportioned among those at trial," which would not include Mr. Bobbitt.  *Whiesenand v. McCord*, 996 S.W.2d 528, 531 n.2 (W.D. Mo. App. 1999) (citing *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 641 (Mo. banc 1987)).  Missouri law also does not bar recovery of damages where one's fault is greater than the other party's, as Kansas does, which is contrary to Ms. Brown's claims that a finding of fault of over fifty percent as to a party would bar any recovery by that party.  *See Hicks*, 707 S.W.2d at 442 ("Under Kansas law, a party may recover damages ratable to his proportion of fault in the occurrence, but only if his negligence was less than that of the party against whom the claim is made. . . . The Kansas law . . . differs from Missouri law of apportionment of . . . in that the Missouri rule allows a negligent claimant to

recover proportionate damages even though his fault may have been greater than that of the other party.").  Because there is an additional defendant in this federal case and the court is not convinced that the state court action will necessarily dispose of *all* the claims presently before it, this court concludes that these actions are not parallel pursuant to the *Colorado River* doctrine. [2]

Accordingly, the court must exercise its jurisdiction.  The court, therefore, finds it unnecessary to review the factors, such as whether this case was filed in a vexatious or reactive nature, that are relevant only after the threshold showing of parallel actions is made.


**THE COURT THEREFORE ORDERS** that Ms. Brown's Motion to Dismiss or Stay the Instant Case (doc. # 25) is **DENIED**.

**IT IS SO ORDERED**.

---

[2] This case also is distinguishable from other cases in which courts held that non-identical parties were substantially similar. For example, this case is distinguishable from those in which the courts concluded that the parties were substantially the same because federal parties absent from the state action shared interests with parties present in that state action.  *See, e.g.*, *Healthcare and Retirement Corp. of America v. Heartland Home Care, Inc.*, 324 F.Supp. 2d 1202, 1204-05 (D. Kan. 2004) (concluding that the absence of the federal plaintiff in the state court action was immaterial because its business affiliate was a party to that case and it had not alleged its interests were different than the affiliate's, citing to cases from the Seventh and Ninth Circuits).  This case also is distinguishable from cases in which the courts concluded that substantially the same parties existed despite the presence of additional defendants in the state court action because the federal plaintiff's claims against the federal defendant would all be litigated in the state court action.  *See e.g.*, *Great South Bay Med. Care, P.C. v. Allstate Ins. Co.*, 204 F.Supp.2d 492, 497 (E.D.N.Y. 2002) ("GSB makes much of the fact that the State Court Action names multiple defendants (not named here) against whom several different insurers (other than Allstate) make various claims. While the State Court Action names numerous defendants in addition to GSB, this factor alone does not render the proceedings non-parallel."); *see also* 32 Am. Jur. 2d Federal Courts § 1111 ("[T]he fact that the state court suit includes some parties who are nonparties in the federal action weighs in favor of staying the federal suit, while the fact that *certain parties are before the federal court but not before the state court militates against such a stay*." (Emphasis added.))

Dated this 15th day of May, 2008, in Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge